IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| **KEPHART CONSULTING, LLC.,**<br>       **Plaintiff,** | **Civil Action No.** |
| **v.** | |
| **COGNITEC SYSTEMS CORPORATION,**<br>       **Defendant** | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Kephart Consulting, LLC ("Kephart") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent No. 10,796,137 ("the '137 patent"), and, U.S. Patent No. 10,248,849 ("the '849 patent") (referred to as the "Patents-in-Suit") by Cognitec, Inc., ("Defendant" or "Cognitec").

**I.  THE PARTIES**

1.  Plaintiff Kephart is a company organized under the laws of Arizona with a principal place of business located in Prescott, Arizona.

2.  On information and belief, Defendant is a corporation organized and existing under the laws of Delaware that maintains a regular and established place of business at 200 Ledgewood Place, Suite 100, Rockland, Massachusetts 02370.  Defendant can be served with process at its established place of business, its registered agent, Corporate Creations Network Inc., 1521 Concord Pike, Suite 201, Wilmington, Delaware 19803, at its place of business, or anywhere else it can be found. On information and belief, Defendant sells and offers to sell products and services throughout Massachusetts, including in this judicial district, and introduces products and

1

services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in Massachusetts and this judicial district.

## II. JURISDICTION AND VENUE

3. This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

4. This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of Massachusetts and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of Massachusetts and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Massachusetts and in this judicial district.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b). Defendant has committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Massachusetts and this District.

## III. INFRINGEMENT - Infringement of the '137 Patent

6. On October 6, 2020, U.S. Patent No. 10,796,137 (included as Exhibit A) entitled "Technique for Providing Security" was duly and legally issued by the U.S. Patent and Trademark Office. Plaintiff owns the '137 patent by assignment.

7. The '137 patent relates to methods and systems for comparing captured facial images to a database of facial data for persons of interest and alerting security personnel.

8. Cognitec maintains, operates, and administers devices/products, methods, systems, and processor-readable media that infringe one or more claims of the '137 patent, including one or more of claims 1-23, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '137 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

9. The claimed technology of the '137 patent relates generally to devices/products, methods, systems, and processor-readable media for comparing captured facial images to a database of facial data for persons of interest. Embodiments of the claimed invention provide numerous benefits over the prior art, including, but not limited to, proactive prevention of violence at large venues. As well, the patent specification provides that such notifications were not possible prior to the claimed invention, instead security at large venues have relied upon reactive tactics, simply responding after a security event has taken place. Further, embodiments of the invention provide an improved and efficient approach for scanning the facial image of everyone entering a large venue and comparing the scanned images to the images of known miscreants and when a match is found alerting security personnel.

10. Support for the allegations of infringement may be found in the preliminary exemplary table attached as Exhibit B. These allegations of infringement are preliminary and are therefore subject to change.

11. Cognitec has and continues to induce infringement. Cognitec has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services and related services that provide methods and systems/products for comparing captured facial images to a database of facial data for persons of interest and alerting security personnel such as to cause infringement of one or more of claims 1–23 of the '137 patent, literally or under the doctrine of equivalents.

12. Cognitec has and continues to contributorily infringe. Cognitec has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services and related services that provide methods and systems/products for comparing captured facial images to a database of facial data for persons of interest and alerting security personnel such as to cause infringement of one or more of claims 1–23 of the '137 patent, literally or under the doctrine of equivalents.  The components marketed and sold by Cognitec do not have any substantial non-infringing uses.

13. Cognitec has caused and will continue to cause Kephart damage by direct and indirect infringement of (including inducing infringement of) the claims of the '137 patent.

**IV. INFRINGEMENT - Infringement of the '849 Patent**

14. On April 2, 2019, U.S. Patent No. 10,248,849 (included as Exhibit C) entitled "Technique for Providing Security to an Area" was duly and legally issued by the U.S. Patent and Trademark Office. Plaintiff owns the '849 patent by assignment.

15. The '849 patent relates to methods and systems for comparing captured facial images to a database of facial data for persons of interest.

16. Defendant maintains, operates, and administers systems, products, and services in the field of comparing captured facial images to a database of facial data that infringes one or more

of claims of the '849 patent, including one or more of claims 1-23, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '849 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

17. The claimed technology of the '849 patent relates generally to devices/products, methods, systems, and processor-readable media for comparing captured facial images to a database of facial data for persons of interest. Embodiments of the claimed invention provide numerous benefits over the prior art, including, but not limited to, proactive prevention of violence at large venues. As well, the patent specification provides that such notifications were not possible prior to the claimed invention, instead security at large venues have relied upon reactive tactics, simply responding after a security event has taken place. Further, embodiments of the invention provide an improved and efficient approach for scanning the facial image of everyone entering a large venue and comparing the scanned images to the images of known miscreants and when a match is found alerting security personnel.

18. Support for the allegations of infringement may be found in the preliminary exemplary table attached as Exhibit D. These allegations of infringement are preliminary and are therefore subject to change.

19. Cognitec has and continues to induce infringement. Cognitec has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services and related services that provide methods and systems/products for comparing captured facial images to a database of facial data

for persons of interest and alerting security personnel such as to cause infringement of one or more of claims 1–23 of the '849 patent, literally or under the doctrine of equivalents.

20. Cognitec has and continues to contributorily infringe. Cognitec has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services and related services that provide methods and systems/products for comparing captured facial images to a database of facial data for persons of interest and alerting security personnel such as to cause infringement of one or more of claims 1–23 of the '849 patent, literally or under the doctrine of equivalents. The components marketed and sold by Cognitec do not have any substantial non-infringing uses.

21. Cognitec has caused and will continue to cause Kephart damage by direct and indirect infringement of (including inducing infringement of) the claims of the '849 patent.

## V.  CONDITIONS PRECEDENT

22. Plaintiff has never sold a product. Upon information and belief, Plaintiff predecessors-in-interest have never sold a product. Plaintiff is a non-practicing entity, with no products to mark. Plaintiff has pled all statutory requirements to obtain pre-suit damages. Further, all conditions precedent to recovery are met. Under the rule of reason analysis, Plaintiff has taken reasonable steps to ensure marking by any licensee producing a patented article.

23. Plaintiff and its predecessors-in-interest have entered into settlement licenses with several defendant entities, but none of the settlement licenses were to produce a patented article, for or under the Plaintiff's patents. Duties of confidentiality prevent disclosure of settlement licenses and their terms in this pleadimng but discovery will show that Plaintiff and its predecessors-in-interest have substantially complied with Section 287(a). Furthermore, each of

the defendant entities in the settlement licenses did not agree that they were infringing any of Plaintiff's patents, including the Patents-in-Suit, and thus were not entering into the settlement license to produce a patented article for Plaimntiff or under its patents. Further, to the extent necessary, Plaintiff has limited its claims of infringement to method claims and thereby remove any requirement for marking.

24. To the extent Defendant identifies an alleged unmarked product produced for Plaintiff or under Plaintiff's patents, Plaintiff will develop evidence in discovery to either show that the alleged unmarked product does not practice the Patents-in-suit and that Plaintiff has substantially complied with the marking statute. Defendant has failed to identify any alleged patented article for which Section 287(a) would apply. Further, Defendant has failed to allege any defendant entity produce a patented article.

25. The policy of §287 serves three related purposes: (1) helping to avoid innocent infringement; (2) encouraging patentees to give public notice that the article is patented; and (3) aiding the public to identify whether an article is patented. These policy considerations are advanced when parties are allowed to freely settle cases without admitting infringement and thus not require marking. All settlement licenses were to end litigation and thus the policies of §287 are not violated. Such a result is further warranted by 35 U.S.C. §286 which allows for the recovery of damages for six years prior to the filing of the complaint.

26. For each previous settlement license, Plaintiff understood that (1) the settlement license was the end of litigation between the defendant entity and Plsintiff and was not a license where the defendant entity was looking to sell a product under any of Plaintiff's patents; (2) the settlement license was was entered into to terminate litigation and prevent future litigation

between Plaintiff and defendant entity for patent infringement; (3) defendant entity did not believe it produced any product that could be considered a patentable article under 35 U.S.C. §287; and, (4) Plaintiff believes it has taken reasonable steps to ensure compliance with 35 U.S.C. §287 for each prior settlement license.

27. Each settlement license that was entered into between the defendant entity and Plaintiff was negotiated in the face of continued litigation and while Plainytiff believes there was infringement, no defendant entity agreed that it was infringing. Thus, each prior settlement license reflected a desire to end litigation and as such the policies of §287 are not violated.

## VI. JURY DEMAND

Kephart hereby requests a trial by jury on issues so triable by right.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiif prays for relief as follows:

a. enter judgment that Defendant has infringed the claims of the Patents-in-Suit;

b. award Plaintiff damages in an amount sufficient to compensate it for Defendant's infringement of the Patents-in-Suit in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c. award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d. declare this case to be "exceptional" under 35 U.S.C. § 285 and award Plaintiff its attorneys' fees, expenses, and costs incurred in this action;

e. provided discovery reveals that Defendant knew (1) knew of the patent-in-suit prior to the filing date of the lawsuit; (2) after acquiring that knowledge, it infringed the patent;

and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent, declare Defendants' infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

f. a decree addressing future infringement that either (if) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the Patents-in-Suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendant will be an adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and

g. award Plaintiff such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: March 11, 2025

/s/Derek H. DePetrillo
Derek H. DePetrillo, BBO: 670303
Attorney for Plaintiff
Consumer Rights Law Firm, PLLC
133 Main Street, 2nd Floor
North Andover, MA 01845
Telephone: (978) 212-3300
Facsimile: (888) 712-4458
attorneyderekd@consumerlawfirmcenter.com